The Honorable Jim Keet State Senator Post Office Box 23603 Little Rock, Arkansas 72221-3603
Dear Senator Keet:
This is in response to your request, made on behalf of a constituent engaged in the sale of automobiles at retail, for an opinion on whether Ark. Const. art. 19, § 13, which dictates maximum lawful rates of interest on contracts, applies to loans made to Arkansas residents by finance companies neither based in Arkansas nor having branch offices in Arkansas, and secured by automobiles purchased from Arkansas dealers. A letter from your constituent attached to your request indicates that the loans are "obtained outside the state" and are subject to "electronic approval."
The determination of whether Arkansas usury law applies to a contract having some relationship to Arkansas and one or more other states involves the application of Ark. Const. art. 19, § 13, and the cases interpreting that constitutional provision, to all the particular facts and circumstances of each case. Even though some facts, such as those few set forth in your request and the attachment and summarized above, may remain the same in a large number of instances, it is likely that each case will also present one or more unique facts and circumstances that may be relevant to the question of whether Arkansas usury law will apply to that particular case. For this reason, I am unable to provide a definitive answer to your question.[1] I am attaching for your information, however, a copy of Op. Att'y Gen. 93-192, in which I set forth the general principles that would govern a court's determination of this issue. The cases cited and discussed therein, along with Ark. Const. art. 19, § 13, continue to constitute the applicable law in this area.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] The paucity of factual background in your letter and the attachment also makes it more difficult to provide useful guidance. Neither your request nor the attachment indicates, for example, whether the notes, security agreements, or other contracts evidencing the debts recite that the law of a state other than Arkansas is to govern; whether payments are to be made at an address within or outside Arkansas; whether the obligations are routinely sold to an investor within or outside Arkansas; whether employees or principals of the automobile dealership have authority to bind or otherwise act for the out-of-state lender; or whether the out-of-state lender at issue, while described as a "finance company," is actually a national bank (see Wiseman v. State Bank Trust, N.A., 313 Ark. 289, 854 S.W.2d 725 (1993)). Matters such as these may be highly relevant in determining whether Arkansas usury law will apply.